**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Annelise Fitzsimmons,<br><br>*Debtor*. | Case No. 25-12532-pmm<br>Chapter 7 |

**Debtor's Verified Motion for Contempt and Sanctions**
**Against Labcorp Holdings Inc. for Violation of the Automatic Stay**

Debtor Annelise Fitzsimmons, through her attorney, respectfully moves for an order awarding damages and sanctions against Labcorp Holdings Inc. for willfully violating the automatic stay. In support of this motion, the Debtor states as follows:

## Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

3. Venue is proper under 28 U.S.C. § 1409.

4. The Debtor consents to the entry of a final order by this Court.

5. The Debtor does not demand a jury trial in this contested matter.

## Background

6. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 24, 2025.

7. The Debtor listed Labcorp on Schedule E/F as a general unsecured creditor.

8. On June 26, 2025, the Bankruptcy Noticing Center served electronic notice of the bankruptcy on Labcorp. A true and correct copy of the notice is attached as Exhibit A.

9. Despite receiving actual notice of the bankruptcy, Labcorp mailed a collection letter to the Debtor on June 30, 2025.

10. Labcorp then sent a collection text message to the Debtor on July 1, 2025.

11. On July 7, 2025, Labcorp mailed a second collection letter to the Debtor.

12. On July 8, 2025, Labcorp sent the Debtor a second text message.

13. Each of these four communications demanded immediate payment of a prepetition debt.

14. True and correct copies of the collection letters are attached as Exhibit B. True and correct copies of the text messages are attached as Exhibit C.

15. Labcorp's collection activity caused the Debtor to experience emotional distress, including stress, anxiety, and confusion.

**Grounds for Relief**

16. Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as a stay of all acts to collect prepetition debts.

17. Labcorp received actual notice of the bankruptcy filing on June 26, 2025. Its postpetition collection efforts were knowing and deliberate.

18. By sending four separate collection communications after receiving notice, Labcorp knowingly and willfully violated the stay under 11 U.S.C. § 362(k).

19. These violations also constitute civil contempt under 11 U.S.C. § 105(a).

20. The Debtor is therefore entitled to actual damages for emotional distress, reasonable attorney's fees, and punitive damages as a deterrent against future misconduct.

## Request for Relief

The Debtor respectfully requests that the Court:

a. declare that Labcorp willfully violated the automatic stay under 11 U.S.C. § 362(k),

b. hold Labcorp in civil contempt under 11 U.S.C. § 105(a),

c. award actual damages, attorney's fees and costs, and punitive damages, and

d. grant such other and further relief in the Debtor's favor as may be necessary and proper under the law.

Date: July 30, 2025

**SADEK LAW OFFICES, LLC**
*Attorney for Debtor*

By:______________________________

Michael I. Assad
1500 JFK Boulevard, Suite 220
Philadelphia, PA 19102
215-545-0008
michael@sadeklaw.com

## Verification

I am the debtor in this case. Under penalty of perjury, I verify that I have read this motion and that all factual allegations are true and correct to the best of my knowledge, information, and belief.

Date: July 30, 2025

/s/ Annelise Fitzsimmons
Annelise Fitzsimmons